Learned, Ij. J.
This is an action of foreclosure. The defendants answered. The plaintiff moved to strike out the answer as sham and for judgment thereon as frivolous. The court granted the motion, uni-ss defendants consented to a reference to determine the amount due, reference to be had in ■6 days, and report in 20, and appointed a referee. The defendants did not consent. The referee acted and reported. Thereupon, without notice, the ■court made an order striking out the defenses as sham and frivolous, and ordered the usual reference to compute the amount due May 22d. Due service •of notice of reference was admitted. The referee reported, and thereupon, without notice, (so far as appears,) judgment of foreclosure was entered. The ■defendants appeal from the judgment, and ask to review on such appeal the ■order striking out the answers, unless defendants would consent to a reference. ■Code Civil I?roc. § 1316. There seems to have been much irregularity in the proceedings, and in the ordering a compulsory reference. But the difficulty 'is that, as the case stands, we cannot review those proceedings or that order. The judgment was taken by default, as for want of an answer. If that judgment was wrong or irregular, the defendants should have moved to set it .aside. Should that be refused, they could appeal. But they cannot take an appeal, and be heard in review of a judgment taken as for want of an answer, .because the court below has not passed on the question between the parties. The defendants could have appealed from the order striking out the answer; ■but, as they have not done this, the answer stands stricken out, and the judgment is granted for want of an answer. From such a judgment no successful appeal can be taken; for, if there was no answer,ythen plaintiff was entitled to judgment. That the judgment was taken without notice to defendants is an irregularity to be corrected by motion at the special term. Therefore, as we cannot review the judgment, we cannot review the order as to which defendants desire a review. All intermediate orders culminate in the .general judgment. Since the judgment was not opposed, we cannot reverse it, and therefore it would be idle to reverse an intermediate order. On the record the defendants stand assenting to the judgment, and therefore as waiving any opposition to any intermediate order leading to it. They should have .appealed from the order. We need not say, however, that in no possible ease ■could an appeal be taken from a judgment fqr want of an answer. Judgment Affirmed, with costs.
Landón and Ingalls, JJ., concur.